IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITCHLON CARLOS MAGEE, § | | |
| TDCJ #875669, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-14-2394 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Mitchlon Carlos Magee (TDCJ #875669), seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his parole. The respondent has filed a motion for summary judgment, arguing that the petition should be dismissed because it is without merit. Magee has not filed a resonse and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.     BACKGROUND**

In 1998, Magee was convicted of first-degree felony possession with intent to deliver cocaine in Harris County cause number 766824. The 182nd Judicial District of Harris County, Texas, placed Magee on deferred adjudication community supervision or probation for a term of ten years in that case. On May 19, 1999, Magee's probation was revoked and he was sentenced to six years' imprisonment.

On September 22, 2000, Magee was released from prison on parole. Less than six months later, on February 27, 2001, a pre-revocation warrant was issued for Magee for violating the terms and conditions of his release. In particular, Magee was charged with failing to report to his parole officer and absconding or leaving the State of Texas without his parole officer's permission. Subsequently, Magee was convicted of a felony and sentenced to imprisonment in Mississippi. After Magee served that sentence, Texas was able to execute the pre-revocation warrant on August 15, 2013. Magee returned to TDCJ on September 1, 2013, pursuant to the pre-revocation warrant. Thereafter, a revocation hearing was held on September 30, 2013, and the Parole Board formally voted to revoke Magee's parole on October 15, 2013.

Magee filed a state application for a writ of habeas corpus to challenge the revocation of his parole. In that application, Magee argued that his parole was revoked without due process for the following reasons: (1) the Parole Board denied him the right to be present at a second revocation hearing held on October 15, 2013; (2) he was denied a preliminary hearing; and (3) his pre-revocation warrant was not executed diligently. The trial court recommended denying relief after considering administrative records of Magee's parole revocation proceeding and an affidavit from Jennifer Robinson, who is employed as Section Director, Review and Release Processing of the Texas Department of Criminal Justice Parole Division. The Texas Court of Criminal Appeals agreed and denied relief without a written order on June 4, 2014.

Magee now seeks a writ of habeas corpus to challenge the revocation of his parole under 28 U.S.C. § 2254. He raises the same claims that were presented on state habeas corpus review. The respondent argues that the petition must be dismissed because he is not entitled to relief.

## II.     STANDARD OF REVIEW

Magee's claims were raised and rejected by the Texas Court of Criminal Appeals on state habeas corpus review. For claims adjudicated on the merits in state courts, a petitioner must demonstrate that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). This deferential standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court's decision is contrary to clearly established federal law only if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent only if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). An unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

Additional limitations on federal review apply. A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption extends not only to the state court's express findings of fact but also to its implicit findings. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

## III. DISCUSSION

### A. Magee's Parole Revocation Proceeding

Magee contends that his parole was revoked without due process. The right to due process in connection with a parole revocation is outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972). A parole revocation hearing is not a criminal prosecution; "the full panoply of rights due a defendant in such a proceeding does not apply . . . ." *Id.* at 480. The Due Process Clause nevertheless requires certain "minimal safeguards" to protect the limited liberty interest at stake in a parole revocation hearing. Those safeguards include:

(1) written notice of the alleged parole violations,

(2) disclosure of the evidence against him,

(3) an opportunity to be heard personally and to present evidence,

  (4)  "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation),"

  (5)  a hearing before a neutral and detached body, and

  (6)  a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole.

*Id.*, 408 U.S. at 489. Relying on *Morrissey*, the state habeas corpus court concluded that Magee failed to demonstrate that he was denied any of these rights during his parole revocation proceeding. *See* Writ No. 81,263-02 [Doc. # 7-4], at 98.

  The state court records confirm that Magee received written notice of the alleged parole violations prior to his revocation hearing. *See* Writ No. 81,263-02 [Doc. # 7-4] at 33-36. Magee was notified of the evidence against him and he received an opportunity to be heard in person at a parole revocation hearing that occurred on September 30, 2013. *See id.* at 38-45. Magee had the right to present witnesses and documentary evidence as well as the right to confront and cross-examine the witnesses against him during that hearing. *See id.* at 38-45. Magee does not allege facts showing that he was denied a neutral decision-maker. Likewise, Magee does not dispute that he was given a written statement of the evidence relied upon as well as the reasons for revoking his parole. Under these circumstances, Magee does not demonstrate that he was denied due process during his parole revocation proceeding.

  To the extent that Magee claims that he was denied the right to be present at a second parole revocation hearing that occurred on October 15, 2013, the record refutes this contention. In that respect, the state habeas corpus court found that Magee had a parole

revocation hearing on September 30, 2013, at which the hearing officer determined that he had violated the conditions of his supervised release by failing to report to his parole officer and by leaving the State of Texas without permission. Writ No. 81,263-02 [Doc. # 7-4], at 97. The Texas Board of Pardons and Paroles sustained those findings and voted to revoke Magee's supervised release on October 15, 2013. *Id.* Magee does not show that the vote taken by the Parole Board constituted a second revocation hearing and he does not otherwise establish that he had a right to be present when the Parole Board formally voted to revoke his parole based on the hearing officer's findings. To the extent that the Texas Court of Criminal Appeals denied relief on this issue, Magee does not demonstrate that its decision was contrary to clearly established law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1). Accordingly, he is not entitled to relief on this issue.

**B.     Magee Was Not Entitled to a Preliminary Parole Revocation Hearing**

Magee contends that he was denied a preliminary parole revocation hearing in advance of formal proceedings. The state habeas corpus court found that Magee was not entitled to a preliminary hearing as a matter of law because he was only charged with technical or administrative violations of his parole. *See* Writ No. 81,263-02 [Doc. # 7-4] at 98. Under these circumstances, a preliminary hearing is not required by Texas law. *See id.* (citing TEX. GOV'T CODE § 508.2811(2)(A)). The state habeas corpus court concluded, therefore, that Magee was not denied a preliminary hearing in violation of his right to due process. *See id.*

Under Texas law, parole officials are required to provide a prompt preliminary hearing "to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release *unless* the inmate or person . . . has been charged only with an administrative violation of a condition of release." TEX. GOV'T CODE § 508.2811(2)(A) (emphasis added). Magee does not dispute that the violations asserted in his case were technical or administrative in nature and he does not otherwise show that a preliminary hearing was required. To the extent that his claim is premised on an application of state law, it does not afford a basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (observing that "federal habeas corpus relief does not lie for errors of state law"). More importantly, Magee does not show that the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Accordingly, Magee is not entitled to relief on this issue.

### C.     Magee Was Not Prejudiced by Lack of Diligence or Delay

Magee contends that his parole revocation was invalid because the pre-revocation warrant was not executed with due diligence. The state habeas corpus court found that Texas was unable to promptly execute the pre-revocation warrant because Magee had absconded and left the State of Texas without permission from his parole officer. The warrant was eventually executed after it was published in the National Crime Information Center ("NCIC") database and Magee was located in another state. Based on this record, the state habeas corpus court found that Magee failed to show a lack of due diligence on the State's

7

part or that delay in executing the warrant violated his right to due process. *See* Writ No. 81,263-02 [Doc. # 7-4], at 98.

Presumably, Magee contends that the delay in executing the pre-revocation warrant denied him the right to a timely revocation hearing. The Supreme Court has recognized that there is a right to a timely revocation hearing. *See Morrissey*, 408 U.S. at 488 (holding that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody"). However, the right to a timely parole revocation hearing is not triggered until the warrant has been executed and the parole violator has been taken into custody. *See Moody v. Daggett*, 429 U.S. 78, 87-89 (1976) (observing that there is "no constitutional duty to provide a parolee with an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant"). Because Magee was afforded a revocation hearing shortly after the warrant was executed, he does not demonstrate that he was denied a timely revocation hearing in violation of his right to due process.

To the extent that Magee contends that delayed execution of the warrant violates due process, it appears that the Supreme Court has not directly addressed this question. *See United States v. Williams*, 558 F.2d 224, 227 (5th Cir. 1977) (discussing *Moody v. Daggett*, 429 U.S. 78 (1976) and noting that the Supreme Court has left unanswered whether or to what extent delay in executing the warrant violates due process). Absent a showing that the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, Magee cannot demonstrate that he is entitled to relief. *See Lopez v. Smith*, — U.S. —, 135 S. Ct. 1, 5 (2014) (emphasizing that there is no basis for

habeas relief absent a showing that the state court unreasonably applied a Supreme Court decision clearly establishing a specific legal standard). According to Fifth Circuit precedent, a delay in executing a parole violator's warrant may frustrate a parolee's due process rights only if the delay undermines his ability to contest the alleged violation or to proffer mitigating evidence. *See Williams*, 558 F.2d at 227; *see also United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) (per curiam) (finding no violation of due process where the defendant failed to show that a delay in executing the warrant undermined his ability to contest the issue of the violation or to proffer mitigating evidence). Magee does not allege facts showing that he was prejudiced by the delay in this case. Based on this record, Magee does not demonstrate a constitutional violation or show that he is otherwise entitled to relief under the federal habeas corpus standard of review. Accordingly, the respondent is entitled to summary judgment.

**IV.     CERTIFICATE OF APPEALABILITY**

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district

court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

V.   **CONCLUSION AND ORDER**

10

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 9] is **GRANTED**.

2. The habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 1, 2015.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE